UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 24-00188 |
| ) | |
| PAUL BAKHOUM, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

The United States, by and through its undersigned attorneys, hereby brings this action against Paul Bakhoum, and alleges the following:

1. This is an action to recover unpaid custom duties and to enforce a monetary civil penalty pursuant to 19 U.S.C. § 1592.

2. This Court possesses exclusive jurisdiction to entertain this action pursuant to 28 U.S.C. § 1582.

## DEFENDANT

3. Upon information and belief, defendant Paul Bakhoum currently resides at 4711 Winthrop Dr., Huntington Beach, California, 92649.

4. At all times relevant to the matters described in this complaint, and upon information and belief, Mr. Bakhoum worked as the Vice President of Operations for Ecosolargy, Inc. (Ecosolargy), a corporation that imported solar panels into the United States. Upon information and belief, Ecosolargy is a currently active California General Stock Corporation with a registered address at 2323 Main Street, Irvine, California, 92614.

5. During the period between July 11, 2014, through on or about December 21, 2018, Ecosolargy, as importer of record, caused to be entered or introduced (or attempted to enter or introduce) into the commerce of the United States certain merchandise ("the subject merchandise"), consisting of photovoltaic modules (solar panels) manufactured in China, under cover of 7 entries ("the subject entries") filed with U.S. Customs and Border Protection (CBP) at various ports. The subject entries are identified in Exhibit A to this complaint.

6. The subject merchandise covered by the subject entries was entered or introduced into the commerce of the United States by means of material false statements, acts, or omissions. In its entry documentation, Ecosolargy, operating through Mr. Bakhoum, made numerous misrepresentations.

7. For entries MR406995701, MR406996238, and MR406996220, Ecosolargy misrepresented the code of the Harmonized Tariff Schedule of the United States (HTSUS) that was applicable to the photovoltaic modules it was importing. Specifically, Ecosolargy falsely classified the subject merchandise under HTSUS 8541.40.2000 (LED lights) when the subject merchandise should have been classified under HTSUS 8541.40.6020 (solar cells, assembled into modules or made up into panels).

8. Ecosolargy also failed to identify the proper countervailing duty (CVD) case applicable to the solar panels, case number C570-011-000, and therefore did not apply the countervailing duty rate of 26.89%, *ad valorem*, associated with entries MR406995701, MR406996238, and MR406996220.

9. Ecosolargy's failure to correctly classify the solar panels and failure to identify the proper CVD case number resulted in losses of revenue to CBP of $62,979.88, $52,809.81,

2

and $164,686.46, respectively, relating to entries MR406995701, MR406996238, and MR406996220.  Exhibit A.

10.     For entry number B7V00235281, Ecosolargy entered the solar panels under entry type 01, when the correct entry type was 03, which would subject the entries to antidumping duties (ADD) and CVD.  The commercial invoice for the modules identifies the country of origin as Turkey, therefore ADD and CVD case numbers A489-988-000, at 238.95%, *ad valorem*, and C489-989-000, at 15.24%, *ad valorem*, were applicable to the $533.00 entered value.  Ecosolargy's failure to include those case numbers resulted in a total loss of revenue of $1,354.83.

11.     For entry number MR402706672, Ecosolargy understated the value of the merchandise and, again, filed to identify that the entry was subject to CVD case number C-570-011-000.  The actual value of the merchandise was $292,697, but in its entry papers Ecosolargy stated it was $284,743.  Though Ecosolargy later admitted the mistakes, it only paid CVD on the lower value, resulting in an underpayment of duties to CBP of $2,330.92.

12.     For entry number UPS92168726, Ecosolargy omitted both the ADD and the CVD case numbers, A570-979-042, at 13.94%, *ad valorem*, and C570-980-000, at 15.24%, *ad valorem*, respectively.  Ecosolary's failure to include those numbers resulted in a potential loss of revenue to CBP of $29,740.26.

13.     For entry number UPS92177909, Ecosolargy omitted the CVD case number, C570-980-000, at 15.24%, *ad valorem*.  Ecosolargy's failure to include that number resulted in a CVD potential loss in revenue to CBP of $31,180.28.

14. The false statements referenced in paragraphs 7-13 above were material in that they had the potential to (and did) impact CBP's determinations regarding the amount of duty owed on the subject entries.

15. Every importer of record must exercise reasonable care in entering merchandise into the United States. *See* 19 U.S.C. § 1484(a)(1). Here, Ecosolargy, operating through Mr. Bakhoum, repeatedly failed to correctly classify the subject merchandise and/or otherwise evaded duties owed by undervaluing the subject merchandise and failing to identify the antidumping and countervailing duties owed on the subject merchandise.

16. Upon information and belief, Mr. Bakhoum is the individual with actual knowledge of and decision-making authority regarding Ecosolargy's import entries of solar panels.

17. Mr. Bakhoum signed the 2014- and 2015-year blanket statements of non-reimbursement associated with these entries.

18. Mr. Bakhoum's name appears on a bill of lading.

19. Ecosolargy's customs broker, UPS Supply Chan Solutions, Inc., directed notice of Ecosolargy's Post Entry Adjustments to Mr. Bakhoum, who also signed the check.

20. Mr. Bakhoum coordinated with CBP to facilitate Ecosolargy's importer interview.

21. Ecosolargy's material false statements and omissions referenced in paragraphs 7-13 above reflect Mr. Bakhoum's failure to exercise reasonable care and competence to ensure that statements made and information provided in connection with the importation of merchandise were complete and accurate. 19 C.F.R. § 171, App'x B § C(1) (definition of negligence).

22. On May 31, 2022, CBP demanded $284,161.90 from Mr. Bakhoum, as the Vice

President of Ecosolargy, representing duties deprived the United States due to violations of 19 U.S.C § 1592(d).  The demand for payment included an amended pre-penalty statement identifying a proposed penalty of $989,543.09, comprised of $562,957.94 for negligence regarding entries MR406995701, MR406996238, MR40696220, and B7V00235281, and $426,585.15 for gross negligence for entries MR402706672, UPS92168726, and UPS92177909.  CBP sent the demand for payment to 2323 Main Street, Irvine, CA 92614, Ecosolargy's mailing address on record with the California Secretary of State business search site.  The United States Postal Service (USPS) returned this demand for payment to CBP because Ecosolargy was no longer at that location and did not leave a forwarding address.

23.    On June 15, 2022, CBP again demanded $284,161.90 from Mr. Bakhoum, as the Vice President of Ecosolargy, representing duties deprived the United States due to violations of 19 U.S.C § 1592(d).  The demand for payment included a penalty statement substantively identical to the May 31, 2022, pre-penalty statement.  CBP sent the first bill to 2323 Main Street, Irvine, CA 92614, Ecosolargy's mailing address on record with the California Secretary of State business search site.  The USPS returned this first bill to CBP because Ecosolargy was no longer at that location and did not leave a forwarding address.

24.    On August 31, 2022, CBP sent Mr. Bakhoum, as the Vice President of Ecosolargy, a letter requesting a statute of limitations waiver.  The letter included a detailed pre-penalty statement explaining Mr. Bakhoum's negligence in filing seven entries between July 11, 2014, and December 21, 208.  CBP sent this letter via email to [paul.bakhoum@ecosolargy.com](mailto:paul.bakhoum@ecosolargy.com) and [paul.bakhoum@revel-energy.com](mailto:paul.bakhoum@revel-energy.com), and via certified mail, return receipt requested, to 4711 Winthrop DR, Huntington beach, CA 92649-6418, 10733 Reva PL, Cerritos, CA 90703-2614, 163 Stepping Stone, Irvine, CA 92603, and 2323 Main St. Irvine, CA 92614.

25.  On September 12, 2022, Mr. Bakhoum executed a two-year statute of limitations waiver commencing on October 9, 2022, and expiring on October 9, 2024.

26.  To date, no one has paid any part of the unpaid duties and penalties demanded by CBP.

## COUNT I

27.  The allegations contained in paragraphs 1 through 26 are restated and incorporated by reference.

28.  The material false statements and omissions referenced in paragraphs 7 through 13 above constitute violations of 19 U.S.C. § 1592(a) because they resulted from Ecosolargy's and Mr. Bakhoum's failure to exercise reasonable care and competence to ensure that statements made and information provided in connection with Ecosolargy's entries of the subject merchandise were complete and accurate.

29.  By reason of the violations of 19 U.S.C. § 1592(a) identified above, Mr. Bakhoum is liable, pursuant to 19 U.S.C. § 1592(d), for the restoration of lawful duties, taxes, and fees of which the United States has been deprived, in the amount of $284,161.90, plus pre-judgment and post-judgment interest.

## COUNT II

30.  The allegations contained in paragraphs 1 through 26 above are restated and incorporated by reference.

31.  The material false statements and omissions referenced in paragraphs 7 through 13 were the result of negligence on the part of Mr. Bakhoum, because Mr. Bakhoum failed to exercise reasonable care and competence to ensure that statements made and information

provided in connection with Ecosolargy's entries of the subject merchandise were complete and accurate.

32. By reason of the negligent violations referred to above, Mr. Bakhoum is liable to the United States, pursuant to 19 U.S.C. § 1592(c)(3), for a civil penalty in the amount of $562,957.94, equal to two times the lawful duties, taxes, and fees of which the United States is or may be deprived.

WHEREFORE, the United States respectfully requests that the Court:

(a) Enter judgment for the United States against Mr. Bakhoum, in the amount of $284,161.90 pursuant to 19 U.S.C. § 1592(d), plus pre-judgment and post-judgment interest, costs, and such other relief as may be just and appropriate; **and**

(b) Enter judgment for the United States and against Mr. Bakhoum for a penalty in negligence in the amount of $776,250.51, pursuant to 19 U.S.C. § 1592(c)(3), plus post-judgment interest, costs, and such other relief as may be just and appropriate; **and**

(c) Award such additional relief as the interest of justice may require.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    PATRICIA M. McCARTHY
    Director

    /s/ Franklin E. White, Jr.
    FRANKLIN E. WHITE, JR.
    Assistant Director

| | |
|---|---|
| OF COUNSEL:<br>ALEXANDRA BROWN<br>General Attorney<br>Department of Homeland Security<br>U.S. Customs and Border Protection<br>Office of the Associate Chief Counsel<br>Long Beach, CA | /s/ Daniel A. Hoffman<br>DANIEL A. HOFFMAN<br>Trail Attorney<br>Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>PO Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel.: (202) 353-0547<br>Email: daniel.a.hoffman@usdoj.gov |
| October 8, 2024 | Attorneys for Plaintiff |